# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BURT LEON SETTS,**

    Petitioner,

vs.                                                   Case No. 4:05cv77-WS/WCS

**JAMES V. CROSBY,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION ON RULE 60(b) MOTION

Petitioner filed an "independent action" seeking relief under Fed.R.Civ.P. 60(b)(3) from the denial of his 28 U.S.C. § 2254 petition in 1996. Doc. 1. The filing fee was paid.

Petitioner filed a 28 U.S.C. § 2254 petition, challenging the judgment out of the Second Circuit, Gadsden County, case 82-CR-412. 4:94cv40381-RH/WCS. The petition was denied and judgment was entered on the docket on February 28, 1997. Docs. 24, 26 and 27. Petitioner filed another § 2254 petition challenging that judgment, which was dismissed as an unauthorized second or successive § 2254 petition.

4:03cv203-RH/WCS (docs. 6, 8 and 9).  By order filed October 21, 2003, the Eleventh Circuit denied authorization for filing a second or successive motion.  Doc. 10 in that file.

Petitioner again seeks relief from this state court judgment, asserting fraud on the court "by obtaining a fraudulent judgment [through] a false information constituting fraud against the federal court leading to its denial in 1996."  Doc. 1, p. 4.  Specifically, he claims that the information charging him with second degree murder was false, as it lacked the essential element of intent to kill.  *Id.*, pp. 4-6.  He asserts that the prosecutor "suppressed [his] exculpatory testimony and then based its Information against the defendant upon its perjured allegation."  *Id.*, p. 10.  He claims that he was allowed "to plea to an information which prosecutors knew was based on perjured, material testimony without informing the court."  *Id.*, p. 11.

The Eleventh Circuit has addressed the use of Rule 60(b) motions to obtain relief from judgments denying relief under § 2255.  Gonzalez v. Secretary for Dept. of Corrections, 366 F.3d 1253, 1262 (11th Cir. 2004) (en banc), *pet. for cert. granted in part*, __ U.S. __, 125 S.Ct. 961; *cert. denied*, __ U.S. __, 125 S.Ct. 965 (2005) (applying the discussion to both 28 U.S.C. § 2254 petitions and § 2255 motions, as the relevant statutory language is not materially different).  The court there found that that there are successive § 2255 motions "cross-dressed as Rule 60(b) motions," and "true" Rule 60(b) motions seeking to set aside the prior § 2255 judgment.  *Id.*, at 1262-63. Petitioner here relies, *inter alia*, Gonzalez and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944) (discussed in Gonzalez).  Doc. 1, pp. 3, 7-9.

The court in <u>Gonzalez</u> found only two circumstances or exceptions in which a Rule 60 motion would be treated as such, rather than as an unauthorized second or successive § 2255 motion.  366 F.3d at 1278.  One includes clerical errors in the § 2255 judgment itself, such that it does not accurately reflect the court's decision.  *Id.*

> The other circumstance in which a petitioner will be able to file a Rule 60 motion and have it treated by the district court as a motion under that rule instead of as a non-authorized second or successive petition is where there was *fraud upon the federal court which led to the denial of the habeas petition.* . . .  Rule 60(b)(3) permits a judgment to be reopened for fraud, and the savings clause of the rule specifies that it does not "limit the power of a court ... to set aside a judgment for fraud upon the court."

*Id.* (emphasis added).

In applying the fraud exception, the Eleventh Circuit found instructive the <u>Hazel-Atlas</u> opinion, as cited in <u>Calderon v. Thompson</u>, 523 U.S. 538, 556-557, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998).  In <u>Hazel-Atlas</u>, "[t]he fraud in the fraudulent scheme was passing off the overblown advocacy penned by Hartford's attorney as a fact-based testimonial independently written by a disinterested expert," which resulted in both the issuance of a patent to Hartford and ultimate success on appeal in the patent infringement case.  <u>Gonzalez</u>, 366 F.3d at 1279.

Petitioner relies on <u>Gonzalez</u> but asserts fraud on the state court at the time of conviction and sentencing, *not* on this court in the prior § 2254 proceeding.  There is no allegation of new evidence,[1] or any indication of why any issues could not have been

---

[1] Indeed, the exhibits in support of the petition are copies of documents all over twenty years old.  Doc. 1, attachments (copies of: the information of January 18, 1983; transcript of Petitioner's interview on September 22, 1982, acknowledged and signed by Petitioner on November 29, 1982; transcript of proceedings held on January 18, 1983, and transcribed on June 4, 1984; and the judgment of October 18, 1983).

Case No. 4:05cv77-WS/WCS

raised previously.  This attack on the original judgment is a second or successive § 2255 motion "cross-dressed" as a Rule 60(b) motion, and as such it must be dismissed. Authorization for filing must be granted by the Eleventh Circuit before this court may even consider a second or successive motion.  § 2255 (incorporating § 2244).

This independent action under Fed.R.Civ.P. 60(b) should be summarily dismissed, and a certificate of appealability denied if Petitioner files a notice of appeal. 366 F.3d at 1286 ("[n]o appeal from the denial of a Rule 60(b) motion seeking to reopen a judgment denying § 2254 or § 2255 relief may proceed unless a § 2253 certificate of appealability is issued.").

It is therefore respectfully **RECOMMENDED** that Petitioner's motion (doc. 1) be **SUMMARILY DENIED** as an unauthorized second or successive § 2254 petition, and that a certificate of appealability be denied in the event of an appeal.

**IN CHAMBERS** at Tallahassee, Florida, on May 16, 2005.


                                              s/    William C. Sherrill, Jr.
                                              **WILLIAM C. SHERRILL, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:05cv77-WS/WCS